Jiang v. Lynch

BIA
Hom, IJ
A089 810 655

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of March, two thousand sixteen.

PRESENT:
>        RALPH K. WINTER,
>        GUIDO CALABRESI,
>        ROSEMARY S. POOLER,
>             *Circuit Judges.*

_____

XIONG JIANG,
>        *Petitioner,*

> v.                                    12-2182
>                                        NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
>        *Respondent.*

_____

FOR PETITIONER:          Gary J. Yerman, New York, New York

FOR RESPONDENT:          Stuart F. Delery, Principal Deputy
                         Assistant Attorney General; Cindy S.
                         Ferrier, Assistant Director;
                         Kimberly A. Burdge, Trial Attorney,
                         Office of Immigration Litigation,
                         United States Department of Justice,
                         Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Xiong Jiang, a native and citizen of China, seeks review of a May 4, 2012, decision of the BIA affirming the August 24, 2010, decision of Immigration Judge ("IJ") Sandy Hom, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xiong Jiang*, No. A089 810 655 (B.I.A. May 4, 2012), *aff'g* No. A089 810 655 (Immig. Ct. N.Y. City Aug. 24, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the BIA's and IJ's opinions, including the portions of the IJ's decision not explicitly discussed by the BIA. *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

For applications such as Jiang's, governed by the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005, the agency may, "[c]onsidering the

2

totality of the circumstances," base a credibility finding on the applicant's "demeanor, candor, or responsiveness," the plausibility of his account, and inconsistencies in his statements, without regard to whether they go "to the heart of the applicant's claim." *See* 8 U.S.C. §§ 1158(b)(1)(B)(iii), 1231(b)(3)(C); *Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 167 (2d Cir. 2008). We "defer therefore to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make" such a ruling. *Xiu Xia Lin*, 534 F.3d at 167. We conclude that the agency's adverse credibility determination is supported by substantial evidence.

Contrary to Jiang's arguments, the agency did not err in relying on the asylum officer's notes from the credible fear interview, as the notes meet the standards for reliability laid out in *Ming Zhang v. Holder*, 585 F.3d 715, 723-25 (2d Cir. 2009). Although the notes are not a transcript, because the interview was memorialized in a typewritten document which specified the questions asked and Jiang's answers, the notes are sufficiently reliable. *See Ming Zhang*, 585 F.3d at 725. As to Jiang's argument that

3

the interview notes reflect problems with translation, Jiang did not raise this issue at the credible fear interview or before the IJ.  Moreover, the notes do not indicate any translation problem as the asylum officer asked Jiang numerous questions about handing out flyers, including follow-up questions requesting clarification, which Jiang answered directly, volunteering additional details.

The inconsistencies between Jiang's statements during that interview and his testimony before the IJ provide substantial evidence to support the agency's adverse credibility determination.  Both the BIA and the IJ reasonably focused on Jiang's inconsistency regarding whether he spoke to people when handing out Falun Gong flyers.  At the credible fear interview, when asked how he distributed the flyers, Jiang volunteered that he talked to people at their homes, stated that he told them about the contents of the flyers, and explained that he told them about the benefits of Falun Gong.  However, at the hearing before the IJ, when asked if he spoke to the individuals to whom he gave flyers, Jiang responded in the negative, both initially and when the question was repeated.  Because Jiang was asked multiple times by the asylum officer and again

4

before the IJ whether he spoke to people, and gave contradictory answers, the agency properly relied on this inconsistency as a basis for an adverse credibility finding. *See Xiu Xia Lin*, 534 F.3d at 167 (providing that an IJ may support an adverse credibility determination with "any inconsistency or omission"). Given Jiang's multiple responses indicating he spoke to people about Falun Gong, the agency was not required to credit his explanation that the interviewer may have been asking him about the contents of the flyers. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (stating that the agency need not credit an explanation unless that explanation would compel a reasonable fact-finder to do so).

Jiang also asserts that the BIA did not consider the totality of the circumstances because it cited only one discrepancy. Because the BIA did not reject the IJ's other findings, those findings remain valid bases for the adverse credibility determination. *See Yun-Zui Guan*, 432 F.3d at 394. And those additional inconsistencies are supported by the record. For example, Jiang stated at the credible fear interview that he was beaten seven or eight times and interrogated by six men, but testified before the IJ that he was beaten eight or nine times and interrogated by only

5

three men.  Similarly, at the interview, Jiang twice denied having been arrested, changing his answer only when confronted with his earlier statement that he had been arrested.  These additional findings demonstrate that the agency considered the totality of the circumstances.  Given the reliability of the interview and the inconsistencies between the interview and the testimony, it is not plain that "no reasonable fact-finder could make such an adverse credibility ruling," and we defer to the agency's credibility determination.  *Xiu Xia Lin*, 534 F.3d at 167.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6